UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

BONNIE SMITH and JOYLEALIA
WARTIAN, on behalf of themselves
and all others similarly situated,

    Plaintiffs,

v.

SEDGWICK CLAIMS MANAGEMENT
SERVICES INC., a Tennessee for Profit
Corporation,

    Defendant.

_____/

CASE NO.:

**HYBRID RULE 23 CLASS and FLSA COLLECTIVE ACTION**

## RULE 23 CLASS AND FLSA COLLECTIVE ACTION COMPLAINT WITH DEMAND FOR JURY TRIAL

Plaintiffs, BONNIE SMITH and JOYLEALIA WARTIAN ("Plaintiffs"), on behalf of themselves and other similarly situated employees, by and through the undersigned counsel, and hereby sue Defendant, SEDGWICK CLAIMS MANAGEMENT SERVICES INC., ("Defendant" or "Sedgwick"), and in support state as follows:

### Introduction

1. Plaintiffs are former employees of Defendant.

2. Plaintiffs bring this instant action against Defendant, on behalf of themselves and a class of former, current, and future employees who were similarly situated, to seek redress for Defendant's systematic and class-wide failure to pay overtime for hours worked over 40 per workweek; and, class-wide failure to pay wages for hours worked between 37.5 and 40 hours per workweek in Florida, and for hours worked over 37.5 per workweek in Michigan.

## Jurisdiction and Venue

3. This Court has jurisdiction over the instant action pursuant to 28 U.S.C. § 1332(a). The citizenship of Plaintiffs and Defendant are completely diverse. In this regard, and as more fully alleged below, Defendant is incorporated in Tennessee, and at all relevant times to this instant action transacted business in the State of Tennessee, and Plaintiffs are citizens of different states than Defendant in that they reside in different states and have an intent to remain indefinitely in these different states. In addition, the amount in controversy exceeds the sum or value of $75,000.00.

4. This Court also has subject matter jurisdiction of the Fair Labor Standards Act ("FLSA") claims pursuant to 29 U.S.C. § 216(b), *et seq.*, and 28 U.S.C. § 1331, and supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this Court since at all times material to Plaintiffs' claims, Defendant has been incorporated in Tennessee, transacted business in the state of Tennessee, including within the Western District of Tennessee, and has conducted substantial, continuous, and systematic commercial activities in this District.

## Parties

6. Defendant is a Tennessee corporation with its principal place of business in Memphis, Tennessee, in Shelby County, and is a business who, at all relevant times to this instant action, transacted business in the state of Tennessee, including within the Western District of Tennessee, including conducting substantial continuous and systematic commercial activities in this District.

7. Plaintiff Bonnie Smith ("Plaintiff Smith") is and has been since the commencement of this action, a citizen of the United States and a citizen of Florida. Plaintiff Smith has been

domiciled in Florida since on or before the filing of this complaint and is still domiciled in the State of Florida. In this regard, she is an individual sui juris, who since the filing of the complaint in this action has resided and continues to reside in Pasco County, Florida, and intends to remain in the state of Florida indefinitely.

8. Plaintiff Joylealia Wartian ("Plaintiff Wartian") is and has been since the commencement of this action, a citizen of the United States and a citizen of Michigan. Plaintiff Wartian has been domiciled in Michigan since on or before the filing of this complaint and is still domiciled in the State of Michigan. In this regard, she is an individual sui juris, who since the filing of the complaint in this action has resided and continues to reside in Oakland County, Michigan, and intends to remain in the state of Michigan indefinitely.

9. Plaintiffs Smith and Wartian brings claims for unpaid overtime on behalf of themselves while they were hourly (non-exempt) Disability Representatives, and for all current and former employees who worked for Defendant throughout the United States as hourly (non-exempt) Disability Representatives from June 14, 2018, through December 19, 2020, and who worked more than forty (40) hours per workweek. ("FLSA Disability Representative Class").

10. Plaintiff Smith also brings claims for breach of contract on behalf of herself when she was an hourly (non-exempt) Disability Representative, and for all current, former, and future employees who worked for Defendant in Florida as hourly (non-exempt) Disability Representatives from September 16, 2019, through December 19, 2020. ("Florida Disability Representative Rule 23 Class").

11. Plaintiff Wartian brings claims for breach of contract on behalf of herself when she was an hourly (non-exempt) Disability Representative, and for all current, former, and future employees who worked for Defendant in Michigan as hourly (non-exempt) Disability

3

Representatives from February 7, 2016, to December 19, 2020. ("Michigan Disability Representative Rule 23 Class").

12.　Plaintiffs were hourly (non-exempt) employees that processed disability claims for Defendant. At all relevant times to this action, Plaintiffs' job title was Disability Representative. Typical job duties include(d) reviewing information on file; contacting and communicating with claimants; and, acting as a liaison for claimants between the client and medical provider. Plaintiffs were also required to frequently check e-mail.

13.　Those similarly situated to Plaintiffs were also hourly (non-exempt) Disability Representatives processing disability claims for Defendant. Similarly, their typical job duties include(d) reviewing information on file; contacting and communicating with claimants; and, acting as a liaison for claimants between the client and medical provider. They were also required to frequently check email.

## FLSA COLLECTIVE ACTION ALLEGATIONS

14.　Plaintiffs bring this action on behalf of themselves and the FLSA Disability Representative Class for violations of the Fair Labor Standards Act.

15.　Defendant is an enterprise engaged in interstate commerce with annual gross business of $500,000.00 or more.

16.　As used herein, the term "FLSA covered positions" refers to all current, former, and future hourly (non-exempt) employees who are and/or were Disability Representatives; and who was and/or is employed during the relevant time frame for this FLSA action, including any time during which the statute of limitation was or may have been tolled or suspended.

17.　At all relevant times Defendant directly, or through its agents or other persons, employed Plaintiffs and/or other Disability Representatives as defined herein, and exercised

control over the wages, hours, and working conditions of Plaintiffs and other Disability Representatives.

18. Plaintiffs and similarly situated FLSA Disability Representative Class members were not paid time and one half for all hours worked in a workweek. Plaintiffs and similarly situated FLSA Disability Representative Class members regularly worked over forty (40) hours per week without being paid the overtime premium.

19. Defendant's managerial employees instructed its hourly Disability Representatives on numerous occasions that if they worked overtime, they would be paid in various incentives, such as PTO coin, PTO and/or gift cards in lieu of overtime, which occurred. Incentives were also offered for instances of mandatory overtime worked over the weekend.

20. Although Defendant had a system for requesting overtime, it was very difficult for Disability Representatives to obtain approval, as overtime was often reserved for special projects only.

21. Disability Representatives worked under a timekeeping system known as E-Time prior to December 19, 2020. Under E-Time, Disability Representatives would not clock in and out, but were responsible for submitting timecards. However, Defendant's managerial employees instructed hourly Disability Representatives that their timecards could only reflect 7.5 hours per day and/or 37.5 hours per week.

22. Disability Representatives were not able to complete their workloads in the time allotted under their scheduled shift. If Disability Representatives attempted to report overtime hours worked on their timecard, they faced potential disciplinary action.

23. Defendant was aware of its hourly (non-exempt) Disability Representatives working overtime and knew or should have known they were not getting properly compensated for those hours worked.

24. Defendant has been sued for other hourly positions where employees' time records did not accurately match their actual time worked.

25. Defendant employs hundreds of employees who held the position title of Disability Representative throughout the United States.

26. Other employees who worked for Defendant throughout the United States, and who are members of the FLSA Disability Representative Class, were subjected to the same and/or similar policies and practices and have sustained similar losses of compensation.

27. At all relevant times Plaintiffs and the FLSA Disability Representative Class as defined herein are, and have been, similarly situated. Plaintiffs and the putative class members had substantially similar job requirements and pay provisions, and have been subjected to Defendant's common policies, programs, practices, procedures, protocols, routines, and rules, including (1) willfully failing and refusing to pay them at the legally required one-and-one-half rate for work in excess of forty (40) hours per week; and (2) willfully failing to keep records required by the FLSA. The claims of Plaintiffs stated herein are essentially the same as those of the other potential plaintiffs.

28. Plaintiffs and all other similarly situated individuals who held the position of Disability Representative have sustained damages from Defendant's failure to pay overtime compensation.

29. Plaintiffs will fairly and adequately protect the interests of the FLSA Disability Representative Class members and have retained counsel experienced and competent in labor and

employment law and class action litigation. Plaintiffs have no interests which are antagonistic to those of other FLSA Disability Representative Class members.

30. Plaintiffs' claims are typical of the claims for the FLSA Disability Representative Class, in that they were performing the same and/or similar job duties; were paid hourly (non-exempt); were not paid for hours worked under forty (40) hours per week; worked more than forty (40) hours in a single work week; were not paid overtime; and, were harmed by Defendant's failure to pay the overtime compensation due and owing.

31. Collective Action treatment is superior to the alternatives, if any, for the fair and efficient adjudication of this controversy, because it permits a large number of injured persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence and effort.

## RULE 23 CLASS ACTION ALLEGATIONS
## (FLORIDA)

32. Plaintiff Smith brings this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and the Florida Disability Representative Rule 23 Class.

33. Plaintiff Smith cannot yet ascertain the exact size of the Florida Disability Representative Rule 23 Class, as such information is within the exclusive control of Defendant. However, upon information and belief, there are hundreds of similarly situated employees during the look back period.

34. Plaintiff Smith will fairly and adequately protect the interests of the Florida Disability Representative Rule 23 Class and has retained counsel experienced and competent in labor and employment law and class action litigation. Plaintiff has no interests which are antagonistic to those of other Florida Disability Representative Rule 23 Class members.

35. Plaintiff's claims are typical of the claims for the Florida Disability Representative Rule 23 Class in that Plaintiff and the Florida Disability Representative Rule 23 Class employees ("Covered Employees") work(ed) for Defendant processing disability claims, performing the same and or similar job duties as the putative class members; Plaintiff and the Covered Employees are and/or were paid hourly (non-exempt); Plaintiff and the Covered Employees were not paid for hours worked between 37.5 and 40 hours per workweek; and, Plaintiff and Covered Employees are and/or were harmed by Defendant's failure to pay the wages due and owing.

36. The rights of Plaintiff and Covered Employees involve common questions of law and fact which predominate over questions affecting only individual Covered Employees

37. At all relevant times, Defendant was aware of Plaintiff and Covered Employees working hours between 37.5 and 40 hours per workweek and not being properly compensated.

38. Covered Employees were subjected to the same and/or similar policies and practices and have sustained similar losses of compensation for "off the clock" work mandated by Defendant; and, for deductions for breaks they did not take. Defendant imposed heavy caseloads on Plaintiff and Covered Employees, actively discouraging them from taking timely meal and rest breaks.

39. In this regard, under Defendant's systems, Plaintiff and Covered Employees were told by managerial employees that their time records could only reflect 7.5 hours per workday and/or 37.5 hours per work week, even though they worked more than 37.5 hours in a workweek.

40. Plaintiff was advised that even if she did not take her breaks, her timesheet still needed to reflect a deduction of time for her break.

41. During the relevant period, Plaintiff worked through lunches and breaks without being paid her regular rate of pay. Defendant was aware of these unpaid hours being worked for which they were not compensating Plaintiff and the Covered Employees.

42. The rights of Plaintiff and Covered Employees involve common questions of law and fact which predominate over questions affecting only individual Covered Employees.

43. The questions of law and fact common to Plaintiff and the Covered Employees includes but is not limited to whether Defendant's failure to pay for hours worked between 37.5 and 40 hours per week was in violation of Florida state law.

44. Class Action treatment is superior to the alternative, if any, for the fair and efficient adjudication of this controversy, because it permits a large number of injured persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence and effort.

## RULE 23 CLASS ACTION ALLEGATIONS
## (MICHIGAN)

45. Plaintiff Wartian brings this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and Michigan Disability Representative Rule 23 Class.

46. Plaintiff Wartian cannot yet ascertain the exact size of the Michigan Disability Representative Rule 23 Class, as such information is within the exclusive control of Defendant. However, upon information and belief, there are hundreds of similarly situated employees during the look back period.

47. Plaintiff Wartian will fairly and adequately protect the interests of the Michigan Disability Representative Rule 23 Class and has retained counsel experienced and competent in labor and employment law and class action litigation. Plaintiff has no interests which are antagonistic to those of other class members.

9

48. Plaintiff's claims are typical of the claims for the Michigan Disability Representative Rule 23 Class in that Plaintiff and the Michigan Disability Representative Rule 23 Class employees ("Michigan Covered Employees") work(ed) for Defendant processing disability claims, performing the same and or similar job duties as the putative class members; Plaintiff and the Michigan Covered Employees are and/or were paid hourly (non-exempt); Plaintiff and the Michigan Covered Employees were not paid for hours worked over 37.5 hours per workweek; and, Plaintiff and Michigan Covered Employees are and/or were harmed by Defendant's failure to pay the wages due and owing.

49. The rights of Plaintiff and the Michigan Covered Employees involve common questions of law and fact which predominate over questions affecting only individual Michigan Covered Employees.

50. At all relevant times, Defendant was aware of Plaintiff and Michigan Covered Employees working over 37.5 hours per workweek and not being properly compensated.

51. Michigan Covered Employees were subjected to the same and/or similar policies and practices and have sustained similar losses of compensation for "off the clock" work mandated by Defendant; and, for deductions for breaks they did not take. Defendant imposed heavy caseloads on Plaintiff and Michigan Covered Employees, actively discouraging them from taking timely meal and rest breaks.

52. In this regard, under Defendant's systems, Plaintiff and Michigan Covered Employees were told by managerial employees they could only record 7.5 hours per workday and/or 37.5 hours per work week, even though they worked more than 37.5 hours in a workweek.

53. Plaintiff was advised that even if she did not take her breaks, her timesheet still needed to reflect a deduction of time for her break.

54. During the relevant period, Plaintiff worked through lunches and breaks without being paid her regular rate of pay. Defendant was aware of these unpaid hours prior to Workday for which they were not compensating Plaintiff and the Michigan Covered Employees. The rights of Plaintiff and Michigan Covered Employees involve common questions of law and fact which predominate over questions affecting only individual Michigan Covered Employees.

55. The questions of law and fact common to Plaintiff and the Michigan Covered Employees includes but is not limited to whether Defendant's failure to pay for hours worked over 37.5 hours per week was in violation of the common law of the State of Michigan.

56. Class Action treatment is superior to the alternative, if any, for the fair and efficient adjudication of this controversy, because it permits a large number of injured persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence and effort.

## COUNT I
## FLSA Collective Action
## Violation of the Overtime Provisions of the Fair Labor Standards Act
## FLSA Disability Representative Class

57. All Plaintiffs bring this action under the Fair Labor Standards Act for unpaid overtime on behalf of themselves and the FLSA Disability Representative Class.

58. Plaintiffs repeat and incorporate by reference as if fully set forth herein paragraphs 1 through 31 above.

59. At certain relevant times during their employment with Defendant, Plaintiffs processed disability claims, were paid hourly (non-exempt), and frequently worked in excess of forty (40) hours per workweek.

60. Plaintiffs were employees of Defendant as defined by 29 U.S.C. § 203(e).

61. Plaintiffs were not exempt under any exemption pursuant to 29 U.S.C. § 213.

11

62. Defendant is an employer as defined by 29 U.S.C. § 203(d).

63. Defendant is an enterprise engaged in interstate commerce with annual gross business of $500,000.00 or more.

64. At all relevant times Defendant directly, or through its agents or other persons, employed Plaintiffs and/or other FLSA Disability Representative Class members, and exercised control over the wages, hours, and working conditions of Plaintiffs and other FLSA Disability Representative Class members.

65. On a frequent basis throughout Plaintiffs' employment with Defendant, Plaintiffs and other FLSA Disability Representative Class members frequently worked in excess of forty (40) hours per week but were not compensated for all hours worked in excess of forty (40) hours at a rate not less than one-and-one-half times their regular rate of pay.

66. At all relevant times Plaintiffs frequently worked in excess of forty (40) hours per week, Defendant was aware of, and suffered or permitted the same.

67. Defendant employs hundreds of FLSA Disability Representative Class members throughout the United States during all relevant time periods.

68. Other FLSA Disability Representative Class members who worked for Defendant throughout the United States, and who are members of the class as defined herein were subjected to the same and/or similar policies and practices and have sustained similar losses of compensation.

69. At all relevant times Plaintiffs and the FLSA Disability Representative Class members are, and have been, similarly situated, and have and/or had substantially similar job requirements and pay provisions, and have been subjected to Defendant's common policies, programs, practices, procedures, protocols, routines, and rules, including (1) willfully failing and refusing to pay them for hours worked under forty (40) hours per week; (2) willfully failing and

refusing to pay them at the legally required one-and-one-half rate for work in excess of forty (40) hours per week; and (3) willfully failing to keep records required by the FLSA. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Disability Representative Class members.

70. Defendant failed to pay Plaintiffs and other FLSA Disability Representative Class members the required overtime rate, one-and-one-half times their regular rate, for all hours worked in excess of forty (40) hours per week.

71. Defendant willfully failed to keep proper records of all hours worked by Plaintiffs as required by 29 U.S.C. § 211(c), even though Plaintiffs are and/or were entitled to overtime compensation.

72. Due to Defendant's willful violation of the FLSA a three (3) year statute of limitation applies.

73. As a result of Defendant's violations of the FLSA, Plaintiffs and other FLSA Disability Representative Class members have suffered damages.

74. Plaintiffs retained LYTLE & BARSZCZ to represent them in this matter and have agreed to pay said firm attorneys' fees for its services.

**COUNT II**
**Florida Disability Representative Rule 23 Class**
**Breach of Contract under Florida State Law**
**for Unpaid Hours Worked Under 40 Hours per Week**

75. Plaintiff Smith repeats and incorporates by reference paragraphs 1 through 13, and 32 to 44 above, as though fully set forth herein.

76. Defendant was an employer of Plaintiff Smith and other Florida Disability Representative Rule 23 Class members.

77. Plaintiff Smith and Defendant entered into a valid and enforceable express agreement under which Plaintiff Smith was to be paid for all hours worked for Defendant.

78. In this regard, Plaintiff Smith was hired by Sedgwick and had an understanding of her hourly pay rate, and any raises thereto. There was an agreement between Plaintiff Smith and Defendant that she would be paid for all time worked.

79. Throughout Plaintiff Smith's employment with Defendant, Defendant failed to compensate Plaintiff Smith and Florida Disability Representative Rule 23 Class members for hours worked between 37.5 and 40 hours in breach of the agreement between Plaintiff Smith and Defendant.

80. As a result of Defendant's breach of contract, Plaintiff Smith and other Florida Disability Representative Rule 23 Class members have suffered damages.

81. Plaintiff Smith retained LYTLE & BARSZCZ to represent her in this matter and has agreed to pay said firm attorneys' fees for its services.

<u>**COUNT III**</u>
<u>**Michigan Disability Representative Rule 23 Class**</u>
<u>**Breach of Contract under Michigan State Law**</u>
<u>**for Unpaid Hours Worked Under 40 Hours per Week**</u>

82. Plaintiff Wartian repeats and incorporates by reference paragraphs 1 through 13 and 45 to 56 above, as though fully set forth herein.

83. Defendant was an employer of Plaintiff Wartian and other Michigan Disability Representative Rule 23 Class members.

84. Plaintiff Wartian and Defendant entered into a valid and enforceable express agreement under which Plaintiff Wartian was to be paid for all hours worked for Defendant.

85.     In this regard, Plaintiff Wartian was hired by Sedgwick and had an understanding of her hourly pay rate, and any raises thereto. There was an agreement between Plaintiff Wartian and Defendant that she would be paid for all time worked.

86.     Throughout Plaintiff Wartian's employment with Defendant, Defendant failed to compensate Plaintiff Wartian and other Michigan Disability Representative Rule 23 Class members for hours worked over 37.5 in breach of the agreement between Plaintiff Wartian and Defendant.

87.     As a result of Defendant's breach of contract, Plaintiff Wartian and other Michigan Disability Representative Rule 23 Class members have suffered damages.

88.     Plaintiff Wartian retained LYTLE & BARSZCZ to represent her in this matter and has agreed to pay said firm attorneys' fees for its services.

**WHEREFORE** Plaintiffs, on behalf of themselves and other similarly situated employees, demand judgment against Defendant for the following:

A. Certify the FLSA Disability Representative Class described herein;

B. Certify the Florida Disability Representative Rule 23 Class as described herein for hours worked between 37.5 and 40 per workweek pursuant to Rule 23 of the Federal Rules of Civil Procedure for the time periods requested herein;

C. Certify the Michigan Disability Representative Rule 23 Class as described herein for hours worked over 37.5 per workweek pursuant to Rule 23 of the Federal Rules of Civil Procedure for the time periods requested herein;

D. Designation of Plaintiff Smith and Plaintiff Wartian as representatives of the FLSA Disability Representative Class; Plaintiff Smith as a representative of the Florida Disability

Representative Rule 23 Class; and, Plaintiff Wartian as a representative of the Michigan Disability Representative Rule 23 Class;

E. That all Florida Disability Representative Rule 23 Class members be automatically included in the Florida Rule 23 claims (Count II), and that Plaintiff Smith be permitted to give notice of this putative class action, or that this Court issue such notice at the earliest possible time; to all past and present Florida Disability Representative Rule 23 Class members employed by Defendant at any time during the two (2) year period for Florida from September 16, 2019, immediately preceding the filing of this suit, through December 19, 2020.

F. That all Michigan Disability Representative Rule 23 Class members be automatically included in the Michigan Rule 23 claims (Count III), and that Plaintiff Wartian be permitted to give notice of this putative class action, or that this Court issue such notice at the earliest possible time; to all past and present Michigan Disability Representative Rule 23 Class members employed by Defendant at any time during the six (6) year period for Michigan from February 7, 2016, immediately preceding the filing of this suit, through December 19, 2020.

G. That all past and present members of the FLSA Disability Representative Class be informed of the nature of this action, and similarly situated employee's right to join this lawsuit;

H. Tolling of the statute of limitations for Plaintiffs Smith, Killings, Sapp, and Wartian from the date of the filing of their Consents to Sue and Opt-Ins to the initial Complaint, and equitable tolling for the FLSA Disability Representative Class back to June 14, 2018, until

the expiration of the deadline for filing consent to sue forms pursuant to 29 U.S.C. § 216(b);[1]

I. Tolling of the statute of limitations for all potential Florida Disability Representative Rule 23 Class members from September 16, 2019;[2]

J. Tolling of the statute of limitations for all potential Michigan Disability Representative Rule 23 Class members from February 7, 2016;[3]

K. That the Court enjoin Defendant pursuant to 29 U.S.C. § 217 of the FLSA from withholding future payment of overtime compensation owed to members of the FLSA Disability Representative Class;

L. Payment of unpaid wages and unpaid overtime to Plaintiffs, the FLSA Disability Representative Class members, the Michigan Disability Representative Rule 23 Class members and the Florida Disability Representative Rule 23 Class members as may be proven to be due and owing;

M. An additional amount equal to unpaid overtime proven to be due and owing in liquidated damages;

N. Pre- and post-judgment interest as allowed by law;

O. Attorneys' fees and costs; and

---

[1] The parties entered into a tolling agreement for the FLSA class wherein Plaintiffs Smith, Killings, Sapp, and Martian's claims are deemed tolled from the filing of their Consent to Sue and Opt-Ins to the initial Complaint. Further, Plaintiff contends the FLSA lookback period with respect to the putative FLSA class for notice purposes is June 14, 2018, three (3) years prior to the filing of the initial Complaint. Defendant contends this determination should be left to the court.

[2] The parties entered into a tolling agreement for the Florida Rule 23 class wherein the claims of Smith and the putative Florida Rule 23 are deemed tolled from the filing of the Amended Complaint on September 16, 2021. The parties also agree the lookback period for the notice to the Florida Rule 23 class would be September 16, 2019.

[3] The parties entered into a tolling agreement for the Michigan Rule 23 class wherein the claims of Wartian and the putative Michigan Rule 23 class are deemed tolled from February 7, 2022. Plaintiff contends the lookback period for the notice to the Michigan Rule 23 class would be February 7, 2016. Defendant contends this determination should be left to the court.

P.  Such other relief as the Court finds just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all issues so triable.

Respectfully submitted this 31st day of March 2022.

> */s/ Mary E. Lytle*
> **Mary E. Lytle, Esq.**
> Florida Bar No.: 0007950
> **David V. Barszcz, Esq.**
> Florida Bar No.: 0750581
> **LYTLE & BARSZCZ, P.A.**
> 533 Versailles Drive, 2nd Floor
> Maitland, FL 32751
> Telephone: (407) 622-6544
> Facsimile: (407) 622-6545
> mlytle@lblaw.attorney
> dbarszcz@lblaw.attorney
> **Counsel for Plaintiffs**